CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
FEB 0 4 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TOBIAS RUSH, | )<br>) |
| Plaintiff, | ) Case No. 7:09CV00001 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| B. WATSON, WARDEN, ET AL., | ) |
| | ) By: Glen E. Conrad |
| Defendant(s). | ) United States District Judge |

Plaintiff Tobias Rush, a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Rush alleges that prison officials at Wallens Ridge State Prison ("Wallens Ridge") violated his constitutional rights by failing to decontaminate him after he was sprayed with pepper spray during an altercation with another inmate. Rush also alleges that because he is incarcerated in a Virginia state prison under a contract with the State of Wyoming, various Wyoming officials are also liable for the harm he has suffered at Wallens Ridge. Upon consideration of Rush's submissions, the court finds that this action should be dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a), as Rush did not properly exhaust available administrative remedies.

## Background

Rush alleges the following sequence of events from which his claims arise. On August 23, 2008 at approximately 3:45 p.m., Rush was involved in an altercation in the "C-D Unit food hall" at Wallens Ridge. Officers sprayed him with "an extreme amount of pepper spray," in the back of the head and on his face from close range. Blinded by the spray, Rush lay down on the floor, but the

spraying continued. Thereafter, he was cuffed and shackled, and escorted to Cell 303. Meanwhile, two other Wyoming inmates who had also been pepper sprayed were decontaminated in the medical unit. During pill call, a nurse and an officer evaluated him for any physical injuries and asked if he was hurt. He informed the nurse that he had been sprayed with pepper spray and needed to be decontaminated or showered. The officer said that "they would take care" of it, but no one returned to decontaminate Rush. He was in "excruciating pain" from his neck to the top of his head. His left ear was "very bad off" by the next morning. He begged officers to allow him to be decontaminated or shower. They said that he had not been sprayed and was just trying to manipulate the system to get an extra shower. They told him that if he really had been sprayed, he could wash in the sink. On Monday, August 25, 2008, officers allowed Rush to take his regularly scheduled shower. He alleges that over the two days, the chemical had time to "eat away a few layers of skin and settle into the pores," making the shower painful.

The court filed the initial complaint conditionally, notified Rush that his allegations failed to state any claim under § 1983 as to several of the defendants he had named, and granted him an opportunity to amend and provide more specific information about the extent of his injury and his efforts to exhaust administrative remedies. Rush responded with an amended complaint, naming additional defendants, and exhibits. He added supervisory officials within the Virginia Department of Corrections ("VDOC"), alleging that they are "directly responsible" for officers' failure to decontaminate him to alleviate the effects of the pepper spray. As an inmate convicted in Wyoming, he also complains that supervisory officials at the VDOC and the Wyoming Department of

- 2 -

Corrections ("WDOC") violated his rights under the contract by which the WDOC has arranged to house inmates, like himself, in Virginia state prisons.[1]

Rush also provided copies of the administrative remedies procedures. On September 30, 2008, Rush filed an informal complaint form about the incident on August 23, 2008. He gave details about the pepper spray incident and the officers' failure to decontaminate him. He also complained that one week before filing the complaint form, he discovered for the first time that the disciplinary offense report written against him in relation to the August 23, 2008 incident did not include any information about the fact that officers pepper sprayed him during the altercation. He argued that through this discovery, he "realized that [Wallens Ridge] officials violated his rights" by (1) not reporting the use of pepper spray against him; (2) failing to decontaminate him; and (3) falsifying a disciplinary offense report. On October 23, 2008, Rush filed a regular grievance, making the same argument and stating that he never received a response to his informal complaint. His grievance was rejected because he failed to file it within thirty days of the incident about which he was complaining. He appealed this intake decision, and the regional ombudsman upheld the decision that the grievance was untimely filed.

## Discussion

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in

---

[1] As relief in this action, Rush seeks monetary damages of $100,000. He also seeks a temporary restraining order against the defendants, named and unnamed, "for a period of [his] choosing," as he fears for his safety at Wallens Ridge. Finally, Rush seeks to receive free photocopies of all materials he has submitted to the court, as he will need them for "his files."

- 3 -

any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Failure to file on time, according to the agency's deadlines, is not "proper exhaustion." Id. While failure to exhaust as required under § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion on its own motion and "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

It is clear from the face of Rush's submissions that he did not comply with the prison grievance procedures regarding his claims of deliberate indifference to his serious medical need for decontamination from pepper spray. His submissions indicate that the established grievance procedures require an inmate to file a grievance within thirty (30) days from the date on which the inmate's claim arose. Rush's claims are based on events that occurred on August 23, 2008. Yet, he admits that he did not file an informal complaint until September 30, 2008, more than thirty days later. His regular grievance was filed almost two months after the incident. At both levels of review available to Rush, prison officials ruled that his grievance was untimely filed under the procedures.

Rush argues that the reporting officer's failure to include the pepper spray incident in the disciplinary report somehow gave Rush extra time to file his grievance about the failure to decontaminate him from the pepper spray. VDOC officials did not find this excuse sufficient to deem his complaint timely filed under the VDOC grievance procedures, and Rush does not explain

- 4 -

why it should be so under the written provisions of the procedures themselves. To the extent that Rush seeks to invoke the doctrine of equitable tolling of the filing period, the court finds no merit to his arguments. He fails to demonstrate any respect in which the content of the disciplinary report prevented him from filing a timely complaint about the pepper spray incident and its aftermath. See, e.g., Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (finding in habeas context that equitable tolling is only available when inmate diligently pursues his claims and extraordinary circumstances beyond his control prevented timely filing of remedies). Thus, it is clear from plaintiff's own submissions that he did not "properly" exhaust the available administrative remedies as required for compliance with § 1997e(a). Ngo, 548 U.S. at 90. Accordingly, the court will dismiss Rush's § 1983 claims concerning the pepper spray, pursuant to § 1997e(a).

Rush offers no indication whatsoever that he has exhausted administrative remedies as to his claims alleging violations of the contract between the VDOC and the WDOC regarding the housing of Wyoming inmates in Virginia prisons. Hence, these claims, including Rush's request for a temporary restraining order, must also be dismissed under § 1997e(a). In any event, the court finds no respect in which violations of this contract are actionable under § 1983, as they present, if anything, contract claims under state law. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (finding that to state civil rights claim, plaintiff must allege deprivation of right secured by Constitution or federal law).

### Conclusion

For the stated reasons, the court concludes that Rush's entire action as amended, including his motion for a temporary restraining order, must be dismissed without prejudice for failure to exhaust available administrative remedies as required by § 1997e(a). As he currently has no

actionable federal claim, the court does not find appointment of counsel warranted and will also dismiss plaintiff's motion for appointment. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This ____ day of February, 2009.

                                                      United States District Judge